UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT EUGENE SECORD,           )
                                )
          Plaintiff,            )
                                )
              v.                )     No. 4:06-CV-570-SNL
                                )
ST. CHARLES COUNTY 11TH         )
JUDICIAL CIRCUIT COURT, et al., )
                                )
          Defendants.           )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Robert Eugene Secord for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on April 4, 2006. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $49.34, and an average monthly account balance of $18.52. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.87, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## The complaint

Plaintiff, an inmate at the Fulton Reception and Diagnostic center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants St. Charles County 11th Judicial Circuit Court, Jack Bannas (prosecutor), and Lucy Rauch (judge). Liberally construing the complaint, plaintiff was convicted in St. Charles, Missouri, in 1996, of burglary and stealing. It appears that the Circuit Court of St. Charles County suspended imposition or execution of sentence for these offenses, and plaintiff was placed on probation. Thereafter, plaintiff was convicted of a criminal offense in Michigan. While confined in Michigan, the State of Missouri lodged a detainer against plaintiff. Plaintiff contends that he sought to dispose of this detainer in accordance with the Interstate Agreement on Detainers ("IAD"), but that Missouri officials did not comply with the provisions of the IAD. Plaintiff alleges that he was "illegally extradited, charged, and detained by St. Charles County," and that his current confinement in Missouri is illegal.[1]

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). In the instant case, plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question. Plaintiff's claims challenge

---

[1] The Court notes that plaintiff filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that his current confinement in Missouri is illegal. This Court dismissed the action on April 5, 2006, for failure to exhaust available state remedies. *See Secord v. St. Charles County 11th Judicial Circuit Court*, No. 4:06-CV-485-DDN (E.D.Mo.).

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the fact or duration of his present confinement, and a favorable decision would necessarily call into question the validity of his confinement. Thus, plaintiff's § 1983 claims are foreclosed at this time, and this action will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $9.87 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] and motion for writ of habeas corpus ad testificandum [Doc. #5] are **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of May, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com